## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

**CONSTRUCTIVE EATING, INC.,**

       Plaintiff,

**v.**

**MASONTOPS, INC.,**

       Defendant.

Case No. 2:19-cv-10619-MOB-MKM

**Hon. Judge Marianne O. Battani**
**Magistrate Judge Mona K. Majzoub**

## DEFENDANT'S MOTION TO DISMISS PURSUANT TO
## FEDERAL RULE 12 (b)(6)

Defendant, Masontops, Inc. ("Masontops"), by its counsel, respectfully request that the Court dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6). In support thereof, Masontops submit the attached memorandum.

Pursuant to Local Rule 7.1(a), Masontops' counsel conferred telephonically with Constructive Eating, Inc.'s ("Constructive Eating") counsel on June 22, 2020. Masontops' counsel explained the nature of this Motion and its legal basis, but did not obtain concurrence in the relief sought.

To the extent this Court denies any portion(s) of this motion, Masontops demands a jury trial.

Dated: June 29, 2020                    Respectfully submitted,


                                        /s/ *Christopher V. Carani*
                                        Christopher V. Carani
                                        (IL Attorney Bar No. 6269503)
                                        Admitted EDMI June 25, 2020
                                        Philipp Ruben
                                        (IL Attorney Bar No. 6324579)
                                        Admitted EDMI June 25, 2020
                                        **McAndrews, Held & Malloy, Ltd.**
                                        500 West Madison Street
                                        Suite 3400
                                        Chicago, IL 60661
                                        Tel: (312) 775-8000 / Fax: (312) 775-8100
                                        Email: ccarani@mcandrews-ip.com
                                                 pruben@mcandrews-ip.com



                                        Frank A. Angileri (P45611)
                                        **BROOKS KUSHMAN P.C.**
                                        1000 Town Center, Twenty-Second Floor
                                        Southfield, Michigan 48075
                                        Tel: (248) 358-4400 / Fax: (248) 358-3351
                                        Email: fangileri@brookskushman.com

                                        *Attorneys for Defendants*

2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| **CONSTRUCTIVE EATING, INC.,** | Case No. 2:19-cv-10619-MOB-MKM |
| Plaintiff, | |
| **v.** | **Hon. Judge Marianne O. Battani** |
| | **Magistrate Judge Mona K. Majzoub** |
| **MASONTOPS, INC.,** | |
| Defendant. | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS**
**MOTION TO DISMISS PURSUANT TO FEDERAL RULE 12 (b)(6)**

# <u>TABLE OF CONTENTS</u>

I.  INTRODUCTION ................................................................................................ 1

II.  LEGAL STANDARDS AND APPLICABLE LAW ......................................... 4

III.  ARGUMENT ...................................................................................................... 5

    A.  Plaintiff's unregistered trade dress infringement and unfair competition claims must be dismissed as they are not plead with sufficient particularity and are facially implausible ................................................................................ 5

        1.  The trade dress articulation is not plead with requisite particularity .......... 6

            a.  The hedge language "which can include," "such as," "included but not limited to," and "or other color" do not meet the pleading requirements ...................................................... 6

            b.  The generalities do not meet the pleading requirements and are too vague to state a claim upon which relief can be granted ........................................................................................... 7

        2.  The asserted trade dress fails to meet the non-functionality pleading requirement ...................................................................................... 8

            a.  The Complaint's passing and conclusory references to "non-functional" design aspects of the eating utensil are insufficient to avoid a motion to dismiss ......................................... 8

            b.  The asserted trade dress seeks to protect functional features and is thus unprotectable as a matter of law ................................. 10

        3.  The asserted trade dress seeks protection for essential and fundamental design elements for construction vehicle-themed eating utensils and thus is unprotectable as a matter of law ..................... 12

        4.  The Complaint fails to adequately plead secondary meaning, a required element for product configuration trade dress ............................ 13

        5.  Plaintiff's likelihood of confusion allegations are facially implausible .............................................................................................. 14

    B.  Plaintiff's design patent infringement claims must be dismissed because they are not plead with sufficient particularity and are facially implausible ........ 15

1.      The Complaint fails to include side-by-side comparison of all views claimed in the design patent and thus is deficient as a matter of law ................................................................................. 15

2.      As a matter of law, design patents do no protect functional product configurations ........................................................... 16

3.      The design patent infringement claims are facially implausible .............. 17

C.      Plaintiff's copyright infringement claims must be dismissed as they are not plead with sufficient particularity and are facially implausible ........................... 19

1.      As a matter of law, copyright protection does not extend to useful articles such as eating utensils, and no separable expression has been plead ................................................................. 19

2.      The conceptual, unoriginal, and standard aspects of the asserted copyrights are not entitled to protection as a matter of law ..................... 20

3.      When unprotectable elements are disregarded, the copyright infringement claims are facially implausible ........................... 21

D.      Plaintiff's alleged state law claims must be dismissed as they are fully pre-empted by federal law and deficient as a matter of law ....................................... 21

IV.     CONCLUSION ................................................................................. 24

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ................................................................ vii, 5, 9

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007) ...................................................................... vii, 5

*Contessa Food Prod., Inc. v. Conagra, Inc.,*
   282 F.3d 1370 (Fed. Cir. 2002) ........................................................... 16

*Crocs, Inc. v. ITC,*
   598 F.3d 1294 (Fed. Cir. 2010) ........................................................... 15

*Curver Luxembourg, SARL v. Home Expressions Inc.,*
   938 F.3d 1334 (Fed. Cir. 2019) ........................................................... 18

*Design Basics, L.L.C. v. DeShano Companies,* L.L.C.,
   No. 10-14419-BC, 2012 WL 12930950 (E.D. Mich. July 2, 2012) ....................... 19

*Egyptian Goddess, Inc. v. Swisa, Inc.,*
   543 F.3d 665 (Fed. Cir. 2008) ............................................................ 18

*Elmer v. ICC Fabricating, Inc.,*
   67 F.3d 1571 (Fed. Cir. 1995) ............................................................ 16

*Ethicon Endo-Surgery, Inc. v. Covidien, Inc.,*
   796 F.3d 1312 (Fed. Cir. 2015) ........................................................... 17

*Excel Homes, Inc. v. Locricchio,*
   7 F. Supp. 3d 706 (E.D. Mich. 2014) ..................................................... 22

*Gen. Motors Corp. v. Lanard Toys, Inc.,*
   468 F.3d 405 (6th Cir. 2006) ............................................................... 7

*Gernhardt v. Winnebago Indus.,*
   No. 03-73917, 2003 WL 23976324 (E.D. Mich. Dec. 30, 2003) ......................... 23

*Gorham Mfg. Co. v. White,*
   81 U.S. 511 (1871) ........................................................................ 17

*Goulas v. Maxmo, Inc.,*
   No. 14–10993, 2014 WL 2515217 (E.D. Mich. June 4, 2014) ........................... 22

*Groeneveld Transp. Efficiency, Inc. v. Lubecore Int'l, Inc.,*
   730 F.3d 494 (6th Cir. 2013) ....................................................... 10, 12, 14

*Herman Miller, Inc. v. Palazzetti Imports & Exports, Inc.,*
   270 F.3d 298 (6th Cir.2001) ................................................................ 5

*Hollis v. Comm'r of Soc. Sec.,*
   No. 13-13054, 2015 WL 357133 (E.D. Mich. Jan. 27, 2015) ........................... 11

*Ihance, Inc. v. Eloqua Ltd.,*
   No. 2:11CV257, 2012 WL 12875516 (E.D. Va. July 3, 2012) ............................................. 15

*In re Mann,*
   861 F.2d 1581 (Fed. Cir. 1988) ...................................................................................... 17

*Inwood Labs., Inc. v. Ives Labs., Inc.,*
   456 U.S. 844 (1982) ....................................................................................................... 10

*Kassa v. Detroit Metro Convention & Visitors Bureau,*
   150 F. Supp. 3d 831 (E.D. Mich. 2015), aff'd, 672 F. App'x 575 (6th Cir. 2017) .................. 22

*Kellman v. Coca-Cola Co.,*
   280 F. Supp. 2d 670 (E.D. Mich. 2003) ........................................................................ 17

*L.A. Gear, Inc. v. Thom McAn Shoe Co.,*
   988 F.2d 1117 (Fed. Cir. 1993) ...................................................................................... 16

*Landscape Forms, Inc. v. Columbia Cascade Co.,*
   113 F.3d 373 (2d Cir. 1997) ............................................................................................ 7

*Lee v. Dayton-Hudson Corp.,*
   838 F.2d 1186 (Fed. Cir. 1988) ...................................................................................... 16

*Lexmark Int'l, Inc. v. Static Control Components, Inc.,*
   387 F.3d 522 (6th Cir. 2004) .......................................................................................... 20

*Mertik Maxitrol GMBH & Co. KG v. Honeywell Techs. SARL,*
   No. 10-12257, 2012 WL 748304 (E.D. Mich. Mar. 6, 2012) .............................................. 9

*Mike Vaughn Custom Sports, Inc.* ("*Mike Vaughn*") *v. Piku,*
   15 F. Supp. 3d 735 (E.D. Mich. 2014) .................................................................... passim

*Murray Hill Publications, Inc. v. Twentieth Century Fox Film Corp.,*
   361 F.3d 312 (6th Cir. 2004) .......................................................................................... 20

*Nat'l Bus. Dev. Servs., Inc. v. Am. Credit. Educ. and Consulting, Inc.,*
   299 Fed. Appx. 509 (6th Cir. 2008) ............................................................................... 19

*OddzOn Prod., Inc. v. Just Toys, Inc.,*
   122 F.3d 1396 (Fed. Cir. 1997) ...................................................................................... 16

*Parker v. Kimberly-Clark Corp.,*
   No. 11 C 5658, 2012 WL 74855 (N.D. Ill. Jan. 10, 2012) ................................................ 17

*Premium Balloon Accessories, Inc. v. Creative Balloons Mfg., Inc.,*
   573 F. App'x 547 (6th Cir. 2014) ................................................................................... 14

*Richardson v. Stanley Works,*
   597 F.3d 1288 (Fed. Cir. 2010) ...................................................................................... 16

*Star Athletica, L.L.C. v. Varsity Brands, Inc.,*
   137 S. Ct. 1002, 197 L. Ed. 2d 354 (2017) ............................................................... 19, 20

*TrafFix Devices, Inc. v. Mktg. Displays, Inc.,*
   532 U.S. 23 (2001) ..................................................................................................... 8, 11

*Tumblebus Inc. v. Cranmer*,
    399 F.3d 754, 73 U.S.P.Q.2d 1561 (6th Cir. 2005)......................................... 6

*United States ex rel. Bledsoe v. Cmty Health Sys, Inc.*,
    501 F.3d 493 (6th Cir. 2007)........................................................... vii, 5

*Wal-Mart Stores, Inc. v. Samara Bros.*,
    529 U.S. 205 (2000) ...................................................................... 13

*Zine v. Chrysler Corp.*,
    236 Mich. App. 261 (1999)............................................................ 23

**Statutes**

15 U.S.C. § 1125 ........................................................................... 8

17 U.S.C. § 101 ........................................................................... 19

17 U.S.C. § 102 ...................................................................... 20, 21

17 U.S.C. § 103 ........................................................................... 21

17 U.S.C. § 106 ........................................................................... 21

**Rules**

Fed. R. Civ. P. 12 .............................................................. vii, 4, 5, 24

Fed. R. Civ. P. 9 ........................................................................ 22

## <u>STATEMENT OF ISSUE PRESENTED</u>

1.  Should Counts I-VI of Plaintiff's Amended Complaint be dismissed under Fed. R. Civ. P.

    12(b)(6) for failure to state a claim for which relief may be granted?

## <u>CONTROLLING AUTHORITIES</u>

**Statutes**

Fed. R. Civ. P. 12(b)(6)

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

*Bell Atlantic Corp. v. Twombl*y, 550 U.S. 544 (2007)

*United States ex rel. Bledsoe v. Cmty Health Sys, Inc.*, 501 F.3d 493, 502 (6th Cir. 2007)

## I.      INTRODUCTION

Plaintiff Constructive Eating, Inc.'s ("Plaintiff") Amended Complaint ("Complaint") against Defendant Masontops, Inc.'s ("Masontops") should be dismissed as it fails to state any claims upon which relief can be granted. The unregistered trade dress, design patent, copyright, and state law causes of action[1] must be dismissed as they (i) are not plead with sufficient particularity, (ii) seek protection for unprotectable subject matter, including the functional and standard, everyday design elements, and (iii) are facially implausible, even when taken in the light most favorable to the Plaintiffs as is required on a motion to dismiss. All told, no reasonable inference of liability can be drawn for any of the claims set forth in the Complaint.

For its unregistered trade dress claim, Plaintiff fails to set forth a legally cognizable articulation of its alleged trade dress. The Court, Defendant, and the public are left guessing as to what it is that the Plaintiff claims is its trade dress.  Plaintiff takes an impermissible noncommittal approach using hedge language:

- "Constructive Eating has protectable product design trade dress rights in the overall look and appearance of its Construction Utensils, **including but not limited to**…"
- "the overall combination of the non-functional design aspects **such as**…"
- "the two-tone color scheme **which can include** a yellow or other color base";
- "the yellow **or other color** handle"
- "the black wheels with yellow **or other color** circular centers"

(Compl. ¶¶ 27, 77).  But the law does not recognize such noncommittal trade dress articulations. How can the Court, Defendant, or public know what the meets and bounds of the alleged trade

---

[1] Plaintiff asserted infringement of (1) U.S. Patent Nos. D554, 440 (the "D'440 Patent") and D554,441 (the "D'441 Patent") (collectively "Asserted Design Patents"); (2) unregistered trade dress as articulated in paragraphs 27/77 of the Complaint ("Asserted Trade Dress"); and (3) U.S. Copyright Registration Nos. VA 1-704-404 (the "404 Copyright") and VA 1-704-223 (the "223 Copyright") (collectively "Asserted Copyrights"). Plaintiff also asserted Common Law Unfair Competition and Violation of Michigan Consumer Protection Act Claims.

dress are when plead with the hedge language: "which can include," "including but not limited to," "yellow or other color" and "such as"? This wishy-washy language prohibits meaningful assessment of the requirements of a trade dress cause of action: (i) whether the claimed trade dress is non-functional, (ii) whether the claimed trade dress has secondary meaning, and (iii) whether the accused items infringe the alleged trade dress. For this reason alone, Plaintiff's unregistered trade dress claim must be dismissed.

What is worse, what follows the Plaintiff's wishy-washy language is an impermissible laundry list of unprotectable (i) vague design characteristics, (ii) functional configurations, and (iii) standard and essential design elements for construction vehicle-themed eating utensils:

- "the overall shape, proportions, widths, heights, size and dimensions of the utensils"
- "black wheels with other color circular centers"
- "the two-tone color scheme with a yellow or other color base"
- "general shape and configuration of the Front Loader Utensil construction vehicle"
- "general shape and configuration of the Bulldozer Utensil construction vehicle, including…"
- "design, style, appearance, visual connection and visual flow of the handle portion to the construction vehicle portion to the food manipulating portion"
- "the design, appearance, placement and location of the construction themed vehicle on the utensil"
- "the shape, angle and extension of the handle out of the back end of the construction vehicle"
- "the use of two different materials to create a look of different textures on different portions of the utensil"

*Id.* Functional features and standard design elements are not protectable under the Lanham Act.

**There are no set of facts** whereby Plaintiff is entitled to trade dress protection for:

- the general shape and configuration of a bulldozer or front loader
- the standard yellow and black color scheme for construction vehicles
- the color black wheels with other colored circular centers

*Id.*  To provide Plaintiff with this "concept level" protection covering standard design elements for construction vehicle-themed eating utensils would turn trade dress law into an anti-competitive weapon.  For this reason alone, the unregistered trade dress infringement claim must be dismissed.

The Plaintiff's allegations of design patent infringement fare no better. The Accused Design Patents are directed at eating utensils – an item necessarily with functional characteristics. As a matter of law, Plaintiff is not entitled to protection for the functional configuration of the eating utensils.  Once the unprotectable functional configuration is removed from the infringement analysis (which it must be as a matter of law), the Accused Products are so plainly dissimilar from the claimed designs that there are simply no facts that allows the Court to draw a reasonable inference that Masontops is liable for design patent infringement. For example the D'441 is directed at a food pusher while the Accused Product is a fork.  As a matter of law there can be no infringement as design patents do not provide *per se* protection regardless of the article of manufacture.   This is apparent from a side-by-side comparison of each claimed view of the Asserted Design Patents with the Accused Products. Apparently trying to hide these glaring case-dispositive differences, Plaintiff fails to include the required side-by-side comparisons in its Complaint. All told, the design patent claims are improperly plead and facially implausible; they fail to state a claim upon which relief can be granted and require dismissal.

Lastly, the Plaintiff's allegations of copyright infringement are also fatally flawed and should be dismissed. Plaintiff's eating utensils are deemed "useful articles" under the Copyright Act, and as such are ineligible for protection. Protection can only extend to *separable* expression from the useful article. However, Plaintiff has wholly failed to plead any separable elements. The Court, the Defendant, and the public, here again, are left to guess what those aspects might be. The failure to plead separable protectable expression is cause for dismissal.  But even if the Court

concludes that the Plaintiff has adequately plead separable protectable expression (which it has not), the claims must be dismissed as they try to cover unprotectable subject matter. Like trade dress and design patent law, copyright law does not extend protection to functional configurations. As a matter of law, Plaintiff is not entitled to copyright protection for the way the handle and food manipulating portions connect to the toy vehicle. Further, copyright law does not provide protection for unoriginal, standard elements such as the general shape of a bulldozer or front loader, or the colors yellow and black. Once the unprotectable expression is removed, no reasonable inference of copyright infringement can be drawn from the plead facts, even when viewed in favor of Plaintiff. All told, the copyright claims are improperly plead and facially implausible; they fail to state a claim upon which relief can be granted and require dismissal.

In the end, and pleading deficiencies aside, what Plaintiff really wants is "*concept level*" protection for the general idea of construction vehicle-themed eating utensils. But Plaintiff does not have a utility patent covering that idea, and nor could it have obtained one; vehicle-themed eating utensils arranged in the exact way Plaintiff has done have been known in the prior art **for at least 49 years.** Frustrated, but apparently undeterred, Plaintiff tries to muscle Defendant by filing an "everything *and* the kitchen sink" 6-Count Complaint invoking the laws of unregistered trade dress, design patent, copyright, unfair competition, and consumer protection. But none of these laws provide the "*concept level*" protection that Plaintiff seeks. For the reasons set forth herein, Masontops respectfully request dismissal of the Complaint. There is no need to drag Defendant (and the Court) through a long and costly litigation for relief that ultimately cannot be granted as a matter of law.

## II.   LEGAL STANDARDS AND APPLICABLE LAW

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombl*y, 550 U.S. 544, 570 (2007)); *see also United States ex rel. Bledsoe v. Cmty Health Sys, Inc.*, 501 F.3d 493, 502 (6th Cir. 2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Furthermore, a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail to indicate that the plaintiff has a substantial case.

## III.    ARGUMENT

As set forth below, and pursuant to Fed. R. Civ. P. 12(b)(6), all causes of action in the Complaint should be dismissed for failure to state a claim upon which relief can be granted.

### A.    Plaintiff's unregistered trade dress infringement claim must be dismissed as they are not plead with sufficient particularity and are facially implausible

To state a infringement claim for unregistered trade dress for a product configuration, a plaintiff has the burden of pleading that: (1) the trade dress is protectable; (2) the features of the trade dress are non-functional; (3) the trade dress has acquired secondary meaning; and (4) there is a likelihood of confusion between the defendant's trade dress and the plaintiff's trade dress. *Mike Vaughn Custom Sports, Inc.* ("*Mike Vaughn*") *v. Piku*, 15 F. Supp. 3d 735, 745 (E.D. Mich. 2014) (citing *Herman Miller, Inc. v. Palazzetti Imports & Exports, Inc.*, 270 F.3d 298, 308 (6th Cir.2001)).

### 1.     The trade dress articulation is not plead with requisite particularity

As a matter of pleading, Plaintiff is required to articulate the trade dress for which it claims protection. *See Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 73 U.S.P.Q.2d 1561 (6th Cir. 2005) ("To recover for trade dress infringement under § 43(a) of the Lanham Act, a party must first identify what particular elements or attributes comprises the protectable trade dress"); *see also Mike Vaughn*, 15 F. Supp. 3d at 745–46 ("To allege that trade dress is protectable, plaintiffs should detail exactly what their trade dress consists of." (quotation omitted)). Adherence to this requirement is particularly needed, when as here, the infringement allegation is for **unregistered trade dress**. "A plaintiff must . . . offer a precise expression of the character and scope of the claimed trade dress . . . and articulate the elements of their product design with specificity to be afforded trade dress protection." *Mike Vaughn*, 15 F. Supp. 3d at 745–46. (quotation omitted). Plaintiff did not do so here. Instead, Plaintiff provide an impermissibly vague and broad articulation that ensnares the entire product category of construction vehicle-themed eating utensils. Such allegations are deficient as a matter of law and warrant dismissal.

### a.     The hedge language "which can include," "such as," "included but not limited to," and "or other color" does not meet the pleading requirement for a trade dress claim

Plaintiff's trade dress articulation is loaded with impermissible hedge language that fails to meet the pleading requirements. Specifically, in Paragraphs 27 and 77, Plaintiff purports to define its trade dress includes the following noncommittal hedge phrases: "which can include," "such as," "including but not limited to" and "or other color":

> "the overall look and appearance of its Construction Utensils, ***including but not limited to*** the overall combination of the non-functional design aspects ***such as*** design, style, appearance, visual connection and visual flow of . . . ." and "the two-tone color scheme ***which can include*** yellow or other color base …the yellow or ***other color*** [base/handle/circular centers]."

(Compl. ¶¶ 27, 77.) Plaintiff's hedge language in the trade dress articulation is directly at odds with the entire goal of pleading requirements – to give reasonable notice. Masontops, the public and the Court are left in the dark as to what is the alleged trade dress. Without knowing what the alleged trade dress is, how can the requirements of non-functionality, secondary meaning and likelihood of confusion be assessed?  Pleading requirements are more demanding, particularly as is the case here where the asserted right is for *unregistered* trade dress. See *Mike Vaughn,* 15 F. Supp. 3d at 746-47 (internal citations omitted)("[t]he failure to plead non-functionality with factual particularity establishes merely the possibility and not the plausibility of [relief] and is therefore **<u>fatal</u>** to Plaintiff's trade dress claim."")(emphasis added); s*ee also Gen. Motors Corp. v. Lanard Toys, Inc.*, 468 F.3d 405, 415 (6th Cir. 2006) (citing McCarthy on Trademarks § 8:3 (4th ed.2001); *see also Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 381 (2d Cir. 1997) ("focus on the overall look of a product does not permit a plaintiff to dispense with an articulation of the specific elements which comprise its distinct dress.")

  **b. The generalities do not meet the pleading requirement and are too vague to state a claim upon which relief can be granted**

   Plaintiff's trade dress articulation is full of generalities upon which relief cannot be granted. "Design, style and appearance"? "visual connection and visual flow"? "the overall shape, proportions, widths, heights, size and dimensions of the utensils"? How can Masontops or the Court assess whether there is functionality, secondary meaning or likelihood of confusion when plead in this general and vague manner? The simple answer is they cannot be. If Plaintiff has something in mind as to the meanings behind these generalities, it needs to plead them with reasonable specificity. It cannot play "hide the ball" with its pleading. Notably, the Complaint provides no graphics or annotated photos to explain these generalities mean.

To be sure, Plaintiff's articulation strategy is not an accident. The hedge language and generalities are all part of Plaintiff zealous quest to obtain what it is not entitled to - "concept level protection" for the (old) idea of construction vehicle-themed eating utensils. By using this non-committal and general language, Plaintiff's seeks to keep Masontops and other competitors out of the market - forever. But trade dress law cannot be used to achieve such anti-competitive ends. Indeed, the pleading requirements for trade dress serve the important gatekeeper function of weeding out such overreach, particularly when trade dress rights can potentially last in perpetuity. Plaintiff's unregistered trade dress cause of action fails to state a claim upon which relief can be granted and must be dismissed.

> **2.** **The asserted trade dress fails to meet the non-functionality pleading requirement**
>
> > **a.** **The Complaint's non-specific and conclusory references to "non-functional" design aspects of the eating utensil are insufficient to avoid a motion to dismiss**

Plaintiff's non-specific and conclusory references to "non-functional" aspects of the unregistered Asserted Trade Dress fail to meet the pleading requirements. *See Mike Vaughn*, 15 F. Supp. 3d at 746. As with all cases where unregistered trade dress is asserted, the starting point is that the asserted unregistered trade dress is presumed to be functional; failure to adequately plead otherwise is fatal to a cause of action for trade dress infringement. The Supreme Court has explained that there exists a "statutory presumption" for unregistered trade dress "that features are deemed functional until proved otherwise by the party seeking trade dress protection" *TrafFix Devices, Inc. v. Mktg. Displays, Inc.*, 532 U.S. 23, 30 (2001); see also 15 U.S.C. § 1125(a)(3) ("In a civil action for trade dress infringement under this chapter for trade dress not registered on the principal register, the person who asserts trade dress protection has the burden of proving that the matter sought to be protected is not functional.")

As a pleading requirement, a plaintiff is not permitted to merely assert the bare conclusion that its alleged trade dress is "non-functional." *Mike Vaughn*, 15 F. Supp. 3d at 746 (concluding that plaintiff failed to state a plausible claim for trade dress dilution where it made "conclusory allegations [regarding its non-functional elements] and therefore [was] not entitled to the presumption of truth)." A party asserted unregistered trade dress is required to "plead facts that would permit a finding of non-functionality." *See Mertik Maxitrol GMBH & Co. KG v. Honeywell Techs. SARL*, No. 10-12257, 2012 WL 748304, at *6–7 (E.D. Mich. Mar. 6, 2012) (dismissing trade dress claim where "[p]laintiffs only support for their claim that trade dress is non-functional is the conclusory assertion that 'Plaintiffs' protected trade dress is non-functional.'").

Here, the entirety of Plaintiff's non-functionality pleadings are contained in two conclusory sentences found in paragraphs 27 (repeated verbatim in paragraph 77) and 87:

> 27/77. . . . Constructive Eating has protectable product design trade dress rights in the overall look and appearance of its Construction Utensils, including but not limited to the overall combination of the **non-functional** design aspects . . . .

> 78. The Constructive Eating Trade Dress is **non-functional**, made up of design features that are not essential to the use or purpose of the article. Rather, Constructive Eating's Trade Dress design is an arbitrary combination of features not necessary for the products to work.

Such conclusory allegations are not entitled to the presumption of truth. *See id*. Instead, Plaintiff's allegations are nothing more than a threadbare, formulaic recitation of an element of its federal trade dress claim, which is expressly prohibited by *Iqbal*. *See Iqbal*, 566 U.S. at 662 ("[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") Plaintiff's failure to plead non-functionality with factual particularity establishes merely the possibility and not the plausibility of relief and is therefore fatal to its trade dress claim. *See Mike Vaughn,* 15 F. Supp. 3d at 746-47. Thus, Plaintiff's trade dress claims should be dismissed for this reason alone.

**b.    The asserted trade dress seeks to protect functional features and is thus unprotectable as a matter of law**

Trade dress protection does not extend to functional aspects of a product, including functional configurations and arrangements of structural elements. Plaintiff's Asserted Trade Dress seeks protection for functional aspects of the eating utensil:

- "placement and location of the construction vehicle-themed vehicle on the utensil;"
-  "the integration of the construction vehicle with the food manipulating portion without interfering with the design of the construction vehicle;"
- "angle and extension of the handle out of the back end of the construction vehicle;"
- "proportions, widths, heights, size and dimensions of the utensils;"

(Compl. ¶¶ 27,77.) "A product design is functional 'if it is essential to the use or purpose of the article or if it affects the cost or quality of the article.'" *Groeneveld Transp. Efficiency, Inc. v. Lubecore Int'l, Inc.*, 730 F.3d 494, 503 (6th Cir. 2013) (quoting *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 850 n. 10 (1982)).

The above elements all serve function purposes for construction vehicle-themed eating utensils. For example, the manner in which the handle and food manipulation portions connect to the vehicle body are functional characteristics of the product. To use the utensil, a child must hold it at the handle and manipulate food with the food manipulation portion. Further, the angled extension of the handle contributes to the overall ergonomics of the utensil and is therefore functional. Further the placement, location, and integration of the toy vehicle in the utensil is functional. Such configurations serves the utilitarian purpose of enticing a child to use the utensil to eat, thereby encouraging self-feeding.

The functionality of Plaintiff's Asserted Trade Dress is confirmed by U.S. Utility Patent No. 3,968,591 ("Pearson Utility Patent")(attached as Exhibit A), which was referenced in Masontop's response to the cease-and-desist letter raised by Plaintiff in Paragraph 33 of the

Complaint. The Pearson Utility Patent was filed in 1971 and is entitled "Combined Spoon and Toy." The Pearson Utility Patent discloses a the functional configuration of a spoon combined with a construction vehicle in the exact same way as Plaintiff's Asserted Trade Dress.[2]



"A utility patent is **strong evidence** that the features therein claimed are functional." *See TrafFix*, 532 U.S. *at* 29-30 ("If trade dress protection is sought for those features the strong evidence of functionality based on the previous patent adds great weight to the statutory presumption that features are deemed functional until proved otherwise by the party seeking trade dress protection."). The functional advantage of the configuration of Plaintiff's alleged unregistered trade dress is discussed at length in the Pearson Utility Patent:

> This invention relates to the combination of a spoon and toy. . . . An object of the present invention is to provide a novel combination of toy and spoon which is so constructed that a child will enjoy food offered to him since the toy portion provides a very substantial incentive to eat from the spoon and encourages self-feeding. (1:4-15)

> Referring more particularly to FIGS. 1 and 2 of the drawings, numeral 1 generally denotes a spoon and toy combination to provide an incentive to children to eat from the spoon. (1:40-42)

---

[2] U.S. Patents are subject to judicial notice and therefore can properly be included in a motion to dismiss. *See Hollis v. Comm'r of Soc. Sec.*, No. 13-13054, 2015 WL 357133, at *19 (E.D. Mich. Jan. 27, 2015) ("Patents and patent applications are public records subject to judicial notice." (citation omitted)). Further, the Pearson Utility Patent was included in Masontops's response to the cease-and-desist letter Plaintiff alleges in Paragraph 33 of the Complaint.

> Similarly, other designs of toys may be integrally formed with the ladle portion and handle portion to form a combined spoon and toy that will attract children and instill cooperation in feeding from a spoon. While a spoon has been described, it will be readily apparent that a fork may be used instead in the designs illustrated. (2:22-28)

The Pearson Utility Patent provides strong evidence that the integration of eating elements into a construction vehicle toy, such that the eating elements are continuous with the front end of the construction vehicle toy, is functional. Among other things, the configuration incentivizes a child to eat. In fact, the Complaint's discussion of Plaintiff's own products in the Complaint reinforces this notion. *See* Compl. at 1 ("products that help children develop fine motor skills"); ¶ 8 ("The construction vehicle carefully morphs into and is integrated with the food manipulating portion as if the food manipulating portion is part of the construction vehicle, thus making the user experience more original, life-like and fun.").

While Pearson is not needed to decide this Motion, it does provide further confirmation that the alleged features in the Asserted Trade Dress are functional. Inasmuch as Plaintiff's have failed to plead "non-functionality" with specificity, and what they have asserted is overtly functional, the trade dress allegation fail to state a claim upon which relief can be granted. For this reason alone, the trade dress claim must be dismissed.

### 3.   The asserted trade dress seeks protection for standard and essential design elements for construction vehicle-themed eating utensils and thus is unprotectable as a matter of law

Plaintiff's trade dress seeks protection for design elements that are essential for the product category of construction vehicle-themed eating utensils and is therefore unprotectable as a matter of law. *See Groeneveld Transp. Efficiency, Inc.*, 730 F.3d at 503. For example, Plaintiff asserts a trade dress that covers:

- "the general shape and configuration of the Bulldozer Utensil construction vehicle;"
- "the general shape and configuration of the Front Loader Utensil construction vehicle;"
- "the two-tone color scheme which can include a yellow or other color base and black accents and features;"

12

- "the black wheels with yellow or other color circular centers."

(Compl. ¶¶ 27,77). But those elements are fundamental to the product category at issue and cannot be appropriated. Construction vehicles such as bulldozers and front loaders, whether toys or in real life, have a commonly known shapes and colors. Plaintiff cannot appropriate these fundamental characteristics.



(Images available at https://www.fueloyal.com/14-popular-types-construction-vehicles/ and https://www.cat.com/en_US/products/new/equipment/dozers.html).

Inasmuch as Plaintiff's unregistered trade dress articulation seeks protection for essential and fundamental design elements for construction vehicle-themed eating utensils, the allegation of unregistered trade dress fails to state a claim upon which relief can be granted. For this reason alone, the trade dress claim must be dismissed. For this reason alone, the trade dress claim must be dismissed.

### 4. The Complaint fails to adequately plead secondary meaning, a required element for product configuration trade dress

Plaintiff has failed to adequately plead secondary meaning, which is a required element for product configuration trade dress. The Supreme Court has made clear that trade dress seeking to cover product design (as opposed to packaging) must plead "secondary meaning." *See Wal-Mart Stores, Inc. v. Samara Bros.*, 529 U.S. 205, 212–13 (2000). "To establish secondary meaning, a manufacturer must show that, in the minds of the public, the primary significance of a product

feature or term is to identify the source of the product rather than the product itself." *Groeneveld Transport*, 730 F.3d at 528.

Plaintiff cannot establish distinctiveness as a matter of law. First, as discussed above, Plaintiff seeks protection for generic, everyday design elements of construction vehicles. Generic design elements are the antithesis of distinctive trade dress. Essential elements are not distinctive because they identify the product, not the source of the product. *See Groeneveld*, 730 F.3d at 528. Second, as part of its trade dress articulation, Plaintiff includes trivial minutiae of the vehicles that have no facially plausible bearing on secondary meaning and source identification, including:

- "projection of the exhaust pipe in the rear portion of the construction vehicle;"
- "formed steps in the sides of the construction vehicle leading up to the cab;" and
- "shape and color of the windows on the vehicles."

It is simply not plausible that these minutiae are "source identifiers." The Complaint fails to plead anything regarding the source identification function of these minutiae. To be sure, the threadbare recitals of "distinctiveness" are insufficient. *See Premium Balloon Accessories, Inc. v. Creative Balloons Mfg., Inc.*, 573 F. App'x 547, 553–54 (6th Cir. 2014) ("Consumers are aware of the reality that, almost invariably, even the most unusual of product designs—such as a cocktail shaker shaped like a penguin—is intended not to identify the source, but to render the product itself more useful or more appealing." (quotations omitted)). Plaintiff has failed to plead secondary meaning as a matter of law.

### 5. Plaintiff's likelihood of confusion allegations are facially implausible

Even if Constructive Eating can establish that the unregistered Asserted Trade Dress is sufficiently plead (which it cannot), its likelihood of confusion allegations are facially implausible.

As discussed above, most of the elements of the unregistered Asserted Trade Dress are unprotectable. The functional configuration, including the integration of the handle, is functional and not protectable, and should not be considered when comparing the Asserted Trade Dress to

the Accused Products. Similarly, the standard configuration of the utensil, shape and appearance of a bulldozer and front loader, yellow and black color scheme, and black colored wheels are not protectable. Further, any remaining minor details that are not plausible source identifiers are not distinctive and thus also not protectable. Once the unprotectable aspects are set aside, no reasonable inference of liability can be drawn as the overall appearance of the products used in commerce are not likely to cause confusion. Indeed, the packaging and product offerings are fundamentally different and prominently marked with each parties' respective trademark CONSTRUCTIVE EATING (Plaintiff) and DINNERACTIVE (Defendant). (See Compl. ¶ 33.)

Accordingly, Plaintiff's likelihood of confusion allegation is facially implausible, and its claim must therefore be dismissed.

### B. Plaintiff's design patent infringement claims must be dismissed because they are not plead with sufficient particularity and are facially implausible

Plaintiff's design patent claims should be dismissed because they are both deficient as a matter of law and facially implausible.[3]

### 1. The design patent infringement allegations fail to include side-by-side comparisons of all views claimed in the design patents and thus are deficient as a matter of law

It is well-established that a proper design patent infringement analysis requires a complete side-by-side analysis of each claimed view of the asserted patents to respective views of the accused products. *See, e.g.*, *Crocs, Inc. v. ITC*, 598 F.3d 1294, 1304 (Fed. Cir. 2010) (noting that for a design patent infringement analysis, "[t]he proper comparison requires a side-by-side view

---

[3] Plaintiff failed to plead that it has ownership of the Asserted Design Patents. Both the D'440 and D'441 patents on their face are in owned by two individuals Carter Malcom and Jacqueline Malcom, not Plaintiff Constructive Eating. The Complaint provides no allegation or evidence of an assignment. Without ownership, the design patent allegation must fail as a matter of law. This is an independent reason warranting dismissal. *See Ihance, Inc. v. Eloqua Ltd.*, No. 2:11CV257, 2012 WL 12875516, at *1 (E.D. Va. July 3, 2012) (granting motion to dismiss where plaintiff "failed to meet its burden to demonstrate that it has any legal rights to the '947 patent.").

of the drawings of the [asserted] patent and the accused products."); *Contessa Food Prod., Inc. v. Conagra, Inc.*, 282 F.3d 1370, 1381 (Fed. Cir. 2002) ("The overall features of the top, side and underside of the accused products must be compared with the patented design as a whole as depicted in ***all of the drawing figures*** to determine infringement." (emphasis added)).

In the Complaint, the Plaintiff fails to provide a side-by-side comparison of each claimed view of the Asserted Design Patents and the Accused Fork/Spoon. Instead, Plaintiff includes a comparison of only a single view from each of the Asserted Design Patents with the conclusory assertion that the Accused Fork/Spoon are "substantially the same." (Compl. ¶¶ 15, 47). However, design patent infringement regards "the overall ornamental appearance of the <u>claimed design</u>, not selected ornamental features." *Elmer v. ICC Fabricating, Inc.,* 67 F.3d 1571, 1578 (Fed. Cir. 1995) (emphasis added). All of the views shown in the design patent drawings are relevant for determining whether the overall visual appearance of the claimed design is substantially similar to the accused design. *Id.* at 1577-78. Accordingly, Plaintiff's design patent claims are deficient as a matter of law and should be dismissed.

## 2. Design patents do no protect functional product configurations

"[A] design patent, unlike a utility patent, limits protection to the ornamental design of the article." *Richardson v. Stanley Works*, 597 F.3d 1288 (Fed. Cir. 2010) (citing *Lee v. Dayton-Hudson Corp.*, 838 F.2d 1186, 1188 (Fed. Cir. 1988)). The scope of a design patent "does not extend to any functional elements of the claimed article." *Id.* (citing *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1123 (Fed. Cir. 1993)). "Where a design contains both functional and non-functional elements, the scope of the claim must be construed in order to identify the non-functional aspects of the design as shown in the patent." *OddzOn Prod., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997). Importantly, design patents only protect the ornamental design of the article of manufacture, not any general concepts or configurations. *See Lee*, 838 F.2d at

16

1186;. Plaintiff's design patents are directed to functional articles of manufactures – utensils. The configuration and integration of the handle, food manipulation portion and vehicle are purely functional and thus not protectable. Further, the general concept of a construction vehicle-themed eating utensil is not protectable. See *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1334 (Fed. Cir. 2015) (explaining that design patents do not protect concepts)

> **3.** **When the functional configuration are disregarded, the design patent infringement claims are facially implausible**

Once properly construed to disregard the functional configuration and general design concepts, there can be no plausible finding of design patent infringement. "Design patents have almost no scope. The claim at bar, as in all design cases, is limited to what is shown in the application drawings." *In re Mann*, 861 F.2d 1581, 1582 (Fed. Cir. 1988). The test for design patent infringement, called the "ordinary observer" test, asks "whether an ordinary observer, familiar with the prior art, would be deceived into thinking that the accused design was the same as the patented design." *Gorham Mfg. Co. v. White*, 81 U.S. 511, 672 (1871). District courts routinely dismiss design patent infringement claims at the pleading stage. *See, e.g., Parker v. Kimberly-Clark Corp.*, No. 11 C 5658, 2012 WL 74855, at *1 (N.D. Ill. Jan. 10, 2012) (dismissing design patent infringement claim on a motion to dismiss); *Kellman v. Coca-Cola Co.*, 280 F. Supp. 2d 670, 678-79 (E.D. Mich. 2003) (same).

Here, no reasonable ordinary observer could be deceived by the claimed design of the D'441 Patent and the Accused Fork.



**Figure 1 of the D'441 Patent (food pusher)**          **Accused Fork (fork)**

**Most glaringly the D'441 Patent is directed at design for a "food pusher", while the accused**

**product is a fork**. Not only does this difference yield a completely different visual appearance,

but as a matter of law, a design patent directed at a pusher cannot be infringed by a fork. *Curver*

*Luxembourg, SARL v. Home Expressions Inc.*, 938 F.3d 1334, 1340 (Fed. Cir. 2019) (rejecting the

notion that design patents provide *per se* protection and holding that the asserted design patent for

a chair could not as a matter of law cover the design on a basket.)

In addition to this most obvious difference, there are many other differences that prevent a

reasonable finding of design patent infringement, including the appearance of the bulldozer and

the handle shape/grip. In view of these visual differences, Plaintiff's infringement allegations are

facially implausible; no reasonable inference of liability can be drawn from the facts as alleged.

The comparison between the D'440 Patent and the Accused Spoon, while admittedly closer, are

still "plainly dissimilar" and do not require further fact finding. Attached as Exhibits B and C are

complete side-by-side comparisons of each claimed view of the D'441 and D'440 Patents

compared to corresponding photographic images of the Accused Products. Review of these

comparisons confirms that there is no reasonable inference from the facts to support a finding that

Masontops infringed the Asserted Design Patents. Accordingly, the design patent claims must be

dismissed. *See Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008).

**C.      Plaintiff's copyright infringement claims must be dismissed as they are not plead with sufficient particularity and are facially implausible**

Plaintiff's copyright claim was not plead sufficient particularity and the allegations are facially implausible. [4] The Sixth Circuit has been demanding when it comes to the requirements for pleading a copyright cause of action as such cases are conducive "to abusive litigation, since the high cost of trying such a case can force a defendant who might otherwise be successful in trial to settle in order to avoid the time and expenditure of a resource intensive case." *Design Basics, L.L.C. v. DeShano Companies*, L.L.C., No. 10-14419-BC, 2012 WL 12930950, at *2 (E.D. Mich. July 2, 2012) (*citing Nat'l Bus. Dev. Servs., Inc. v. Am. Credit. Educ. and Consulting, Inc.*, 299 Fed. Appx. 509, 512 (6th Cir. 2008).

**1.      As a matter of law, copyright protection does not extend to useful articles such as eating utensils, and no separable expression has been plead**

A "useful article" is an article having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information. 17 U.S.C. § 101. Useful articles are ineligible for copyright protection. *Id.* Expression separable from the useful article is only protectable to the extent it (1) can be perceived as a two- or three-dimensional work of art separate from the useful article; and (2) would qualify as a protectable pictorial, graphic, or sculptural work—either on its own or fixed in some other tangible medium of expression—if it were imagined separately from the useful article into which it is incorporated. *Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 137 S. Ct. 1002, 1007, 197 L. Ed. 2d 354 (2017).

---

[4] Plaintiff failed to attach to its Complaint the accompanying deposits of the asserted copyright registrations. Rather, Plaintiff included photos of products Plaintiff is *currently selling*. (Compl. ¶ 15-16). This Court has previously held that the deposits and registrations should be attached to survive a motion to dismiss. *Design Basics,* 2012 WL 12930950 at *4. This is an independent reason warranting dismissal.

As a matter of law, and as discussed above, an eating utensil is a useful article and thus not eligible for copyright protection by and of itself. Further, Plaintiff's particular product—an eating utensil having an integrated construction vehicle toy—is a unprotectable useful article because the integration of the toy with the utensil is configured for a specific functional purpose. Beyond the useful article, plaintiff have failed to plead any separable expression that satisfies the requirements of *Star Athletica* for useful articles alleged to be "pictorial, graphic or sculptural works." While plaintiff did allege that "[b]oth copyright registrations cover sculptural works," it completely failed to alleged any separable expression in the useful article. (Compl. ¶ 64). As the pleadings are deficient as a matter of law, the copyright infringement cause of action fail to state a claim upon which relief can be granted and must be dismissed.

### 2. The conceptual, unoriginal, and standard aspects of the asserted copyrights are not entitled to protection as a matter of law

The Copyright Act makes clear that "**in no case** does copyright protection for an original work of authorship extend to any **idea,** …, **concept,** ..., regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. § 102(b). Thus, Plaintiff is not entitled to "concept level" protection for the (old) idea of a construction-vehicle themed eating utensil, particularly using the functional configuration that Plaintiff employs in its products.

Aside from the concepts, copyright law does not extend protection to basic design elements needed to express an idea in a particular genre. Under the Scènes à Faire Doctrine, indispensable and standard design elements are not protectable. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 387 F.3d 522, 535 (6th Cir. 2004) ("[W]hen external factors constrain the choice of expressive vehicle, the doctrine of 'scenes a faire'—'scenes,' in other words, 'that must be done—precludes copyright protection." (quoting *Murray Hill Publications, Inc. v. Twentieth Century Fox Film Corp.*, 361 F.3d 312, 319 (6th Cir. 2004)). Standard design elements like the

general shape and appearance of the bulldozer and front loader, and yellow and black color scheme for construction vehicles are not protectable as a matter of law. "Copyright protection does not exist "because granting protection to the expressive component of the work necessarily would extend protection to the work's uncopyrightable ideas as well." *Id.*

Furthermore, copyright protection only extends to *original* expression. Here, the expression that merely mimics actual construction vehicles and thus lacks originality. Plaintiff are not entitled to protection for these aspects as a matter of law.

### 3.   When unprotectable elements are disregarded, the copyright infringement claims are facially implausible

Once the unoriginal, functional, standard and concept-level elements of the Asserted Copyright are removed, no reasonable inference of liability can be drawn. The overall appearances of any remaining expression is fundamentally different, and certainly not substantially the same.

At best, the Asserted Copyright protects the exact depiction of separable sculptural work of the toy integrated into the utensil. A side-by-side comparison of any separable sculptural works of the 223 and 404 Copyrights to the Accused Fork/Spoon show that any allegation of infringement is facially implausible. *See* Exhibits D and E. No reasonable inference of liability can be drawn from these facts. Plaintiff's copyright claims should therefor be dismissed because Plaintiff failed to state a claim upon which relief can be granted.

### D.   Plaintiff's alleged state law claims must be dismissed as they are fully pre-empted by federal law and deficient as a matter of law

Plaintiff's state law claims are preempted by the Copyright Act. "A state law claim is preempted by federal [copyright] law if: (1) the work is within the scope of the "subject matter of copyright," as provided in 17 U.S.C. §§ 102 and 103; and (2) the rights granted by state law are equivalent to any exclusive rights within the scope of federal copyright as specified in 17 U.S.C. § 106." *Decker*, 438 F. Supp. 2d at 745. This Court has expressly found that the Copyright Act

preempts unfair competition claims under state law. *See Excel Homes, Inc. v. Locricchio*, 7 F. Supp. 3d 706, 713 (E.D. Mich. 2014) (granted a motion to dismiss on the basis that the common law unfair competition and the Michigan Consumer Protection Act claims were preempted by the Copyright Act).

Here, the common law unfair competition and the Michigan Consumer Protection Act claims are alleging infringement of (1) work within the scope of the alleged copyright and (2) the rights granted by these state law claims are equivalent to the federal copyright rights. *Decker Inc.* 438 F. Supp. 2d at 745. Accordingly, Plaintiff's state law claims should be dismissed.

Even if Plaintiff's state law claims were not preempted, they are deficient as a matter of law. Common law unfair competition claims are analyzed under the same standard as federal trademark infringement and unfair competition claims under the Lanham Act. *See Kassa v. Detroit Metro Convention & Visitors Bureau*, 150 F. Supp. 3d 831, 841 (E.D. Mich. 2015), aff'd, 672 F. App'x 575 (6th Cir. 2017) (dismissing common law trademark, federal trademark, and common law unfair competition claims under the same analysis); *see also Goulas v. Maxmo, Inc.*, No. 14–10993, 2014 WL 2515217, at *3 (E.D. Mich. June 4, 2014) ("The Court undertakes the same analysis for the [federal] trademark infringement, unfair competition, [and] common law trademark infringement claims."). As stated above, Plaintiff has failed to plead a trade dress infringement and unfair claim under the Lanham Act and as a result, Plaintiff has also failed to plead a claim for unfair competition claim under state law.

Plaintiff's Michigan Consumer Protection Act ("MCPA") claim also fails for two reasons. First, to the extent Plaintiff asserts that Masontops acted fraudulently, has failed to plead any actual fraud. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions

22

of a person's mind may be alleged generally." For this reason alone, its consumer protection claim is facially deficient and should be dismissed. *See Gernhardt v. Winnebago Indus.*, No. 03-73917, 2003 WL 23976324, at *6 (E.D. Mich. Dec. 30, 2003) (dismissing deficient allegation of fraud). Second, because Plaintiff is not a consumer, it has not, and cannot, purchase Masontops' products for "personal purposes," and therefore, is not entitled to protection under the MCPA. *See Zine v. Chrysler Corp.*, 236 Mich. App. 261, 275 (1999). The MCPA "does not supply protection," "if an item is purchased primarily for business or commercial rather than personal purposes." *Zine*, 236 Mich. App. at 275 (reversing trial court's denial of summary judgment on the basis that plaintiff purchased truck at issue "primarily for business rather than personal use," and thus was not entitled to protection under the MCPA). Thus, Plaintiff's remaining claims brought under the MCPA are also facially deficient and must be dismissed.

## IV.    CONCLUSION

Thus, for the reasons explained above, Masontops respectfully requests that this Court dismiss with prejudice Counts I-VI of Constructive Eating, Inc.'s Complaint for failure to comply with Federal Rule of Civil Procedure 12(b)(6). To the extent this Court denies any portion(s) of this motion, Masontops respectfully demands a jury trial.

Dated: June 29, 2020                           Respectfully submitted,


                                                 /s/ *Christopher V. Carani*
                                                Christopher V. Carani
                                                (IL Attorney Bar No. 6269503)
                                                Admitted EDMI June 25, 2020
                                                Philipp Ruben
                                                (IL Attorney Bar No. 6324579)
                                                Admitted EDMI June 25, 2020
                                                **McAndrews, Held & Malloy, Ltd.**
                                                500 West Madison Street
                                                Suite 3400
                                                Chicago, IL 60661
                                                Tel: (312) 775-8000 / Fax: (312) 775-8100
                                                Email: ccarani@mcandrews-ip.com
                                                         pruben@mcandrews-ip.com


                                                Frank A. Angileri (P45611)
                                                **BROOKS KUSHMAN P.C.**
                                                1000 Town Center, Twenty-Second Floor
                                                Southfield, Michigan 48075
                                                Tel: (248) 358-4400 / Fax: (248) 358-3351
                                                Email: fangileri@brookskushman.com

                                                *Attorneys for Defendants*